IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| George Asimah,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CBL Associates Management, Inc.,<br><br>　　　　Defendant. | Case No. 3:21-cv-50374<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff George Asimah brings this suit against CBL Associates Management, Inc. He asserts claims under 42 U.S.C. § 1981, breach of contract, and intentional infliction of emotion distress. Dkt. 14. Asimah alleges that CBL, the leasing agent at the CherryVale Mall ("the Mall") in Cherry Valley, Illinois, discriminated against him on the basis of his race when it moved his company's virtual reality simulation to a less populated part of the Mall. CBL moves to dismiss under both Rule 12(b)(1) and Rule 12(b)(6). Because Rule 12(b)(1) is jurisdictional, the Court addresses it.

A motion to dismiss making a facial, as opposed to a factual, challenge to jurisdiction accepts the plaintiff's well-pleaded allegations as true, but the party invoking jurisdiction has the burden of establishing it, including standing. *Bazile v. Fin Sys. of Green Bay, Inc.*, 983 F.3d 274, 278–79 (7th Cir. 2020). In response to CBL's motion, Asimah made a critical judicial admission as to jurisdiction that clarified the allegations in his complaint, dooming the federal claim.

1

In August 2016, Asimah contracted with CBL for space at the Mall for his virtual reality simulation ride. The contract included a provision that authorized CBL to "move, relocate, adjust or substitute" the area where Asimah's simulation ride operated at CBL's "sole discretion by providing 24 hours' advance written notice." Dkt. 14, ¶ 8. In April 2017, CBL noted that noises from the virtual reality simulation sounded like gunfire. Because of the sounds, CBL moved the simulation ride to a part of the Mall previously used only for storage. After the move, the simulation ride became much less profitable. So, Asimah was unable to pay the rent, and CBL evicted his business for nonpayment. Although CBL allowed other businesses to pay off their debt through payment agreements, CBL did not offer a payment arrangement to Asimah's business. Asimah attributes this decision to his race because "there were businesses owned by non-African Americans that had also fallen behind on rent that were allowed to enter into payment agreements." Dkt. 14, ¶ 12.

CBL argues that Asimah is not a party to the contract and has no standing to bring suit under § 1981. In his response brief, Asimah explains that his business was AsymaDesign, LLC. Dkt. 38, at 7. That fact was not in the amended complaint, but the Court treats it as a judicial admission. *McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 680 (7th Cir. 2002) (holding that a statement by counsel at oral argument constituted a judicial admission "the same as any other formal concession made during the course of proceedings"); *United States v. One Heckler-Koch Rifle*, 629 F.2d 1250, 1253 (7th Cir. 1980) (holding that a representation made in a response

brief may be treated as a judicial admission). Asimah argues that his business was a sole proprietorship, and so the business is not a separate legal entity. The argument is perplexing given that Asimah calls his company a sole proprietorship and an LLC in the same sentence. Notwithstanding Asimah's argument, his business is not a sole proprietorship. The Illinois Secretary of State's website, which is a public record, establishes that AsymaDesign was a limited liability company, not a sole proprietorship.[1] *Ronald D. Fosnight & Paraklese Techs., LLC v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) (explaining the well-established rule that judges may take judicial notice of matters of public record, including on a motion to dismiss); *Crisostomo v. Schneider-Kidan*, No. 16-cv-6406, 2017 U.S. Dist. LEXIS 103831, at *11 (N.D. Ill. July 6, 2017) ("The Court may take judicial notice of matters of public record, including records maintained by the Illinois Secretary of State.").

Because Asimah's business was not a sole proprietorship, his claim runs afoul of the Supreme Court's decision in *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006). In *Domino's Pizza*, the plaintiff, John McDonald, was the sole owner of JWM Investments, Inc. *Id.* at 472. But he sued Domino's Pizza under his own name, asserting that Domino's Pizza broke its contracts with his company, JVM Investments, because of racial animus. *Id.* at 473. In affirming the judgment granting a motion to dismiss, the Supreme Court explained that claims under § 1981 can only brought by plaintiffs that have rights under the contract at issue. *Id.* at 476. The Court held that a plaintiff can't sue under § 1981 when the plaintiff

---

[1] AsymaDesign, LLC, file number 05826993 was involuntarily dissolved on December 8, 2017. Plaintiff George Asimah is the only listed member.

3

alleges he (rather than his business) was the "actual target" of the alleged discrimination. *Id.* at 478. The named plaintiff must have rights under the purported contract. *Id.* at 479–80 ("Consistent with our prior case law, and as required by the plain text of the statute, we hold that a plaintiff cannot state a claim under § 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes 'to make and enforce.'").

Like McDonald, Asimah was the sole member of AsymaDesign, LLC. He leased space through his business at the Mall. He cannot bring a claim under § 1981 in his name when it was his company that contractually leased the space. Because he has only sued in his name, he lacks standing to state a plausible claim to relief under § 1981. The motion to dismiss [30] is granted.

Thus, the Court dismisses Asimah's amended complaint. The dismissal is without prejudice, however. The Court will allow an amended complaint, provided it is consistent with Federal Rule of Civil Procedure 11(b) and filed by October 31, 2022.[2] If an amended complaint is not filed by that date, the case will be terminated.

---

[2] The Court will decline to exercise supplemental jurisdiction over Asimah's state law claims in absence of any remaining federal question. *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). Furthermore, the Court notes that CBL also moved to dismiss on a statute of limitations defense. Statute of limitations defenses are disfavored on motions to dismiss. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014). Nevertheless, for the purpose of Asimah's duties under Rule 11, the Court notes that the statute of limitations on a § 1981 action for claims involving the making and enforcement of contracts is two years. *Monroe v. Columbia College Chicago*, 990 F.3d 1098, 1100 (7th Cir. 2021); *see Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 269 n. 4 (7th Cir. 2004). For other types of cognizable claims under § 1981, the statute of limitations is four years. *Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369, 383–84 (2004).

Date: September 20, 2022

_____
Honorable Iain D. Johnston
United States District Judge

---

Asimah's response brief all but conceded that the claim accrued more than four years before he filed this suit.