IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ASYMADESIGN, LLC and GEORGE ASIMAH, <br><br> Plaintiffs, <br><br> v. <br><br> CBL & ASSOCIATES MANAGEMENT, INC., <br><br> Defendant. | Case No. 3:21-cv-50374 <br><br> Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion to dismiss Plaintiffs' second amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 54, M. to Dis. The Court previously granted Defendant CBL's motion to dismiss Plaintiffs' amended complaint under Rule 12(b)(1) because Plaintiff Asimah was not a party to the contract he sued over, and therefore did not have standing to bring a claim in his individual capacity. Dkt. 50. Plaintiffs' second amended complaint brings claims from Mr. Asimah individually and from his business, AsymaDesign, LLC, alleging a violation of 42 U.S.C. § 1981 and breach of contract.[1] Dkt. 51, SAC. For the following reasons, CBL's motion to dismiss the second amended complaint is granted.

---

[1] Plaintiffs voluntarily dismissed their claim for negligent infliction of emotional distress in their response to CBL's motion to dismiss. Dkt. 56 at 11.

1

I. Background[2]

George Asimah was the manager and sole member of AsymaDesign, LLC, an Illinois limited liability company. In August 2016, AsymaDesign contracted with CBL to lease space at the CherryVale Mall (the Mall) to operate its virtual reality simulation ride. In April 2017, after receiving concerns from mall patrons that loud noises and screams coming from the ride sounded like gunfire, CBL moved AsymaDesign's ride to a less trafficked area of the mall. According to CBL, it relocated AsymaDesign pursuant to its rights under a lease provision that stated:

> Licensor reserves the right to move, relocate, adjust or substitute the License Area, in Licensor's sole discretion by providing 24 hours' advance written notice of location. Licensor shall make reasonable efforts to do so in such a way to be least disruptive to Licensee's business operations.

AsymaDesign states that as a result of the relocation, the business became unprofitable causing it to be unable to pay its rent, and subsequently be evicted by CBL over the unpaid rent. SAC ¶ 16. Although CBL allowed other business to pay off their unpaid rent though a payment agreement, it did not offer AsymaDesign the same opportunity. AsymaDesign attributes this decision to its owner, Mr. Asimah, being African American because "there were businesses owned by non-African Americans that had also fallen behind on rent that were allowed to enter into

---

[2] The Court draws these allegations from the second amended complaint and are accepted as true for purposes of resolving the motion to dismiss. *Landmark Am. Ins. Co. v. Deerfield Constr. Inc.*, 933 F.3d 806, 809 (7th Cir. 2019).

payment agreements." SAC ¶ 18. AsymaDesign involuntarily dissolved in December 2017. SAC ¶ 2.

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b) challenges the sufficiency of the plaintiff's complaint. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014). Under Rule 8, a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be plausible, the plaintiff's factual allegations—as opposed to any legal conclusions—must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all the plaintiff's well-pleaded factual allegations and views them—and all reasonable inferences—in the light most favorable to the plaintiff. *Landmark Am. Ins. Co*, 933 F.3d at 809. Additionally, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 587 (7th Cir. 2009). A plaintiff must show through his allegations that it is plausible rather than merely speculative that he entitled to relief. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

A motion to dismiss under Rule 12 (b)(1) "tests whether the court has subject matter jurisdiction." *Johnson v. Illinois*, No. 1:20-cv-05862, 2021 U.S. Dist. LEXIS 179674, at *3 (N.D. Ill. Sep. 21, 2021). When presented with both a Rule 12(b)(1) motion to dismiss for lack of jurisdiction along with a Rule 12(b)(6) motion, the Court should address the jurisdictional question first, as it is a threshold question. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). As the party invoking federal jurisdiction, Plaintiffs bear the burden of establishing that the Court has subject matter jurisdiction over their complaint. *See Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). If the Court concludes that it lacks subject-matter jurisdiction over a claim, it must dismiss the claim in its entirety. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

### III. Analysis

**<u>42 U.S.C § 1981</u>**

Evidentially Mr. Asimah did not understand the Court's previous ruling that explicitly stated he does not have standing to sue CBL, and therefore cannot bring a claim under § 1981 in his individual capacity. Dkt. 50. In this motion to dismiss, CBL argues that Mr. Asimah has again not pled any facts to give him standing to sue and therefore his claims should once again be dismissed. Dkt. 54. The Court will treat Mr. Asimah's failure to respond to CBL's argument or acknowledge the Court's previous ruling, as him forfeiting his claims. *Citizens for Appropriate Rural Rds. v. Foxx*, 815 F.3d 1068, 1078 (7th Cir. 2016) (holding that a plaintiff's failure to

4

respond to an argument results in forfeiture). Therefore, any claims that Mr. Asimah brings against CBL are dismissed under Rule 12(b)(1) for lack of standing.

Next, CBL argues that AsymaDesign similarly lacks standing to bring any claim because of the unreasonable amount of time it delayed bringing suit following its dissolution: which was three years and nine months before Mr. Asimah's original complaint, and nearly five years after bringing a claim in its own name. Dkt. 54 at 8. Because standing is a jurisdictional matter, the Court must address the argument.

AsymaDesign involuntarily dissolved on December 8, 2017. SAC ¶ 2. Because AsymaDesign was an Illinois LLC, Illinois law applies to its corporate existence and determines its powers upon dissolution. *See Nautilus Ins. Co. v. Reuter*, 537 F.3d 733, 740 (7th Cir. 2008); *In re Morris*, 30 F.3d 1578, 1582 (7th Cir. 1994). The Illinois Limited Liability Company Act states that "a limited liability company continues after dissolution only for the purpose of winding up its business." 805 ILCS 180/35-3(a). And Section 35-4 of the Act states that "[a] person winding up a limited liability company's business (1) may preserve the company's business or property as a going concern for a *reasonable time*, prosecute and defend actions and proceedings, whether civil, criminal, or administrative…" 805 ILCS 180/35-4(c) (emphasis added). CBL argues that under Section 35-4, AsymaDesign did not bring its claim within a reasonable time after dissolution, because it was dissolved three years and nine months before Mr. Asimah's complaint. Mot. to Dis. at 9. In support of its assertion that AsymaDesign waited an unreasonable amount

5

of time after dissolution before bringing a claim, CBL points to *Sienna Ct. Condo Ass'n v. Champion Aluminum Co.*, where the court found that a period of three years and seven months was an unreasonable amount of time to bring a claim after the dissolution of a business. 75 N.E. 3d 260, 281 (Ill. App. Ct. 2017).[3] The Court is persuaded by the analysis in *Sienna Ct. Condo. Ass'n* regarding the outer limit of time in which an LLC may bring a lawsuit following its dissolution and finds that AsymaDesign did not bring its claim within a reasonable time pursuant to 805 ILCS 180/35-4(c). Plaintiffs' last-ditch argument to save their claims is that because Mr. Asimah originally filed his complaint *pro se*, all subsequent claims should be afforded leniency instead of resolving the matter "on the basis of procedural technicalities…" Dkt. 56, Resp. to Mot. to Dis. at 8. The Court is perplexed by Plaintiffs representation as being a *pro se* litigant because an attorney has represented Plaintiffs for all but 3 months of this case, which began two years ago, and Plaintiffs' attorney has had two opportunities to file amended complaints. There will be no leniency for any pleading deficiencies or failures to comply with "procedural technicalities" based on Plaintiffs' false claim of being a *pro se* litigant.

    Because the Court has determined that AsymaDesign has not brought its claim within a reasonable time period as required by Illinois law, it fails to state a claim upon which relief may be granted and the Court need not address Defendant's alternative arguments.

---

[3] Plaintiffs argue that *Sienna Ct. Condo Ass'n*, was overturned by *Seinna Ct. Condo Ass'n v. Champion Aluminium Co.*, 2018 IL 122022 (Dec. 28, 2018). But the Illinois Supreme Court reversed and remanded the case on other grounds, and the Appellate Court's analysis of a reasonable time period under 805 ILCS 180/35-4(c) appears to still be good law.

**Breach of Contract**

Plaintiffs also bring a claim for Breach of Contract under state law. Because the Court has resolved all federal claims, the Court, using its discretion, declines to exercise supplemental jurisdiction over the breach of contract claim. See 28 U.S.C. § 1367(c)(3); *Lavite v. Dunstan*, 932 F.3d 1020, 1034 (7th Cir. 2019) ("The district court was well within its discretion in declining to exercise supplemental jurisdiction after it dismissed all claims over which it had original jurisdiction.").

### IV. Conclusion

For the above reasons, CBL's motion to dismiss Plaintiffs' second amended complaint is granted. Ordinarily when a plaintiff is given three opportunities to plead plausible claims and fails to do so (as is the case here), the dismissal is with prejudice. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818–19 (7th Cir. 2013). But because Plaintiffs lack Article III standing and the Court did not address the merits of the claims, the claims are dismissed without leave to amend. *White v. State Police*, 15 F.4th 801, 808 (7th Cir. 2021) ("[A] dismissal on standing grounds can never be with prejudice."); *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 573, 581 (7th Cir. 2019) ("A dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice. A dismissal with prejudice is a ruling on the merits, because it carries with it a preclusive effect that prevents the plaintiffs from relitigating—in any court, ever again—any claim encompassed by the suit."). The Court declines to exercise supplemental jurisdiction

7

over the remaining state law claim, and it is dismissed without prejudice to being refiled in state court. Civil case terminated.

Date: June 5, 2023

                                                                           Honorable Iain D. Johnston
                                                                           United States District Judge